IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARIE COLEMAN                                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 5:09-cv-59(DCB)(JMR)

BRYAN BROWN AND BRIDGESTONE
RETAIL OPERATIONS, LLC                                          DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the plaintiff Marie Coleman's motion to remand **(docket entry 12)**. Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Marie Coleman ("Coleman") filed this action on December 5, 2008, in the Circuit Court of Sharkey County, Mississippi, against Bryan Brown ("Brown") and Firestone Complete Auto Care ("Firestone"). The Complaint states that the plaintiff is a resident citizen of the State of Florida, and that defendant Brown is also a resident citizen of the State of Florida. On February 23, 2009, the plaintiff filed an Amended Complaint, again stating that she and defendant Brown are resident citizens of the State of Florida. The Amended Complaint substitutes Bridgestone Retail Operations, LLC ("Bridgestone") for defendant Firestone, and alleges that Bridgestone is "a foreign corporation authorized to do

and doing business in the State of Mississippi."[1]

Bridgestone removed this action on April 15, 2009, on the basis that plaintiff Coleman is a Mississippi resident and, therefore, there is complete diversity of citizenship. On May 15, 2009, the plaintiff filed her motion to remand, asserting that she is a resident citizen of the State of Florida, and was so on December 5, 2008, the date she filed her complaint in the Circuit Court of Sharkey County, Mississippi.

This case involves a March 10, 2007, single vehicle accident on Mississippi Highway 14 in Sharkey County, Mississippi. Marie Coleman, 16 years old at the time, was a guest passenger along with her boyfriend, Quintarus Brown, in a vehicle driven by defendant Bryan Brown. The Amended Complaint alleges that earlier that day, before leaving Florida for Mississippi, Brown had taken his vehicle to a Florida Firestone Complete Auto Care Center, owned and operated by defendant Bridgestone, to correct a rough ride and/or instability of the vehicle on the road. The Amended Complaint contains allegations that Bridgestone and Brown were negligent in failing to repair the vehicle, and that their negligence caused the accident.

In support of her motion to remand, the plaintiff shows that

---

[1] In its Notice of Removal, Bridgestone states that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Tennessee. Notice of Removal, ¶ 8.

she has lived in Florida since moving there with her father and three siblings in 1994. At the time of the car accident on March 10, 2007, she was sixteen years of age. Sometime prior to the accident, she had become romantically involved with a Mississippi resident, Quintarus Brown, and had decided to leave Florida with him. At the time, it was her intent to move permanently to Mississippi. As a result of the accident, however, Coleman was rendered a quadriplegic. After initial treatment at Sharkey-Issaquena Community Hospital in Rolling Fork, Mississippi, she was transferred to University Medical Center in Jackson, Mississippi. The hospital's billing records list her address as 4805 Eva Drive, Pensacola, Florida, 32506, the same as her father's address. Plaintiff's Memorandum, pp. 10-11.

The plaintiff's relationship with Quintarus Brown came to an end shortly after the accident, and she decided to permanently return to Florida to receive medical treatment there. Pl. Memo., p. 11; Marie Coleman Affidavit 1. On May 24, 2007, she was transferred from University Medical Center to Broward Children's Center in Pompano Beach, Florida, and after further stabilizing treatment was sent to the Santa Rosa Health & Rehabilitation Center in Milton, Florida. Pl. Memo., p. 11; Coleman Aff. 1. Coleman attained the age of majority in Florida (age 18) on March 19, 2008 and intended to remain in Florida. At the time of the filing of her complaint in Sharkey County Circuit Court, December 5, 2008,

she was still living at the Santa Rosa Health & Rehabilitation Center, and continues to live there.  Pl. Memo., p. 11; Coleman Aff. 1.

The citizenship of the parties at the time the complaint was filed determines the existence of diversity jurisdiction. Freeport-McMoRan, Inc. v. K.N. Energy, Inc., 498 U.S. 426, 428 (1991).  When a litigant's citizenship is questioned, a court must look first to the objective facts of citizenship.  Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003)(citing Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996)). "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts."  Coury, 85 F.3d at 251 (citations omitted).  "Domicile is thus evaluated in terms of objective facts."  Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1978)(citing Wasson v. Northrup Worldwide Aircraft Service, Inc., 443 F.Supp. 400, 404 (W.D. Tex. 1978)).  A change in domicile requires both residence in the new domicile and the intent to remain there indefinitely.  One without the other is not sufficient.  Preston v. Tenet Healthsystems Memorial Medical Center, 485 F.3d 804, 814 (5th Cir. 2007)(citing Welsh v. Am. Surety Co. of N.Y., 186 F.2d 16, 17 (5th Cir. 1951)).

In this case, the plaintiff has shown that she was a resident citizen of the State of Florida on December 5, 2008, the filing

4

date of her initial complaint, and that she remains a resident citizen of Florida. Furthermore, she has shown that she never established domicile in the State of Mississippi, regardless of what her intent might have been before the accident.

Defendant Bridgestone removed this action on the basis of the plaintiff's response to a motion to dismiss on the basis of <u>forum non conveniens</u> filed by Bridgestone in the state court. Bridgestone contends that this pleading constitutes an "other paper" under the second paragraph of 28 U.S.C. § 1446(b). In support of its argument for allowing removal, Bridgestone quotes the following excerpts from the plaintiff's response:

> Ms. Coleman would be a Mississippi resident had she only been injured moderately by Defendant's neglect rather than suffering quadriplegia.
>
> * * *
>
> Although plaintiff does not dispute that she is a resident of Florida rather than Mississippi, it is nevertheless instructive for present purposes to consider that Ms. Coleman could have made a colorable claim that she is a Mississippi domiciliary and resident even though she is currently in a nursing home in Florida. This is because the courts recognize that when individuals are forced by circumstances beyond their control to live out of the state in which they intended to live, the forced circumstances cannot be employed to defeat domicile in the intended state. See, <u>e.g.</u>, <u>Preston v. Tenet Healthsystem Memorial Medical Center, Inc.</u>, 485 F.3d 793 (5th Cir. 2007), in which the Fifth Circuit Court of Appeal [sic] noted that Louisianans did not lose their Louisiana citizenship simply by virtue of their prolonged evacuation to other states due to the destruction of their place of residence caused by Hurricane Katrina.

Bridgestone's Memorandum, pp. 2-3 (quoting Plaintiff's Response to

Motion to Dismiss, p. 8).

Removal to federal court is authorized by statute as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, which ever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity jurisdiction] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The second paragraph of § 1446(b) allows removal, where the case stated by the initial pleading is not removable, within 30 days after receipt of, inter alia, an "other paper from which it may first be ascertained that the case is one which is or has become removable." "The phrase 'other paper' refers to 'documents generated within the state court litigation.'" Pack v. AC and S, Inc., 838 F.Supp. 1099, 1101 (D. Md. 1993)(citing Zbranck v. Hofheinz, 727 F.Supp. 324, 326 (E.D. Tex. 1989)).

The word "ascertain" means "to make certain, exact, or precise" or "to find our or learn with certainty." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002)(quoting Webster's Ninth New Collegiate Dictionary, p. 107 (1990)). The Fifth Circuit

requires that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "'unequivocally clear and certain.'" Id. (following DeBry v. Transamerica Corp., 601 F.2d 480 (10th Cir. 1979)).

This Court may not exercise jurisdiction over cases removed from state court unless there is a showing of federal jurisdiction. Under our doctrine of "federalism" this Court may not usurp authority over cases that are properly in state court. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979). The removing party bears the burden of establishing the existence of federal jurisdiction. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). In addition, the removal statutes are to be strictly construed, and any doubts are to be resolved in favor of remand. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992).

The facts of this case clearly establish that Coleman is a resident citizen of the State of Florida, and was a resident citizen of the State of Florida at the time she filed her suit. Nothing in the plaintiff's response to the motion to dismiss reveals any information to the contrary. In fact, the excerpts quoted by Bridgestone are contained within the plaintiff's argument titled "The Denial of Plaintiff's Choice of Forum Based on Her Lack of Mississippi Citizenship Would Be Inequitable," which falls under the more general heading, "Plaintiff's Florida Residency is Not

7

Good Grounds to Deny her Choice of Forum." Plaintiff's Response to Motion to Dismiss, pp. 4, 7. The excerpted portions merely state that Coleman could have been a Mississippi resident had the accident never have happened or had her injuries been less severe, and that she could have made a colorable claim of a Mississippi domicile and residency. These are nothing more than statements by counsel concerning "what might have been," in an effort to bolster his client's argument that Mississippi is the proper forum for her lawsuit.

In the absence of any ascertainable facts that would support Bridgestone's claim that Coleman is not a resident citizen of the State of Florida, this case was improvidently removed because complete diversity of citizenship is lacking, and it shall be remanded. Accordingly,

IT IS HEREBY ORDERED that the plaintiff Marie Coleman's motion to remand **(docket entry 12)** is GRANTED.

FURTHER ORDERED that this action shall be REMANDED to the Circuit Court of Sharkey County, Mississippi. A separate Order of Remand shall follow.

SO ORDERED, this the 17th day of December, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE